Scott, J.
In an action brought in the Common Pleas Court of Pike county, Ohio, by Jesse Lucas against William Penisten, to which, afterward, Minor Muntz, as executor of the last will and testament of Henry Barnett, deceased, was made a party defendant, on appeal to the district court of that couuty, at the April term, 1861, of the last-named court, the following decree was taken, to wit: “ This cause came on for hearing upon the amended petition of the plaintiff, the answer of the defendant, William Penisten, and the reply to the same, and the evidence; and it appearing that since the appeal of the cause, by arrangement between the parties, partial payments have been made by the defendant, William Penisten, to the plaintiff, on account of the matters set forth in the petition, and the balance still due and payable from the said Penisten being agreed upon by the parties, by consent of parties, it is therefore found by the court that there is now due to the plaintiff from the said William Penisten, on account of the matters set forth in the petition, the sum of $3,600, together with interest on $3,000, from the 25th day of February, 1860, at the rate of ten per cent. It is therefore, by consent of parties, considered that the plaintiff recover of tl e said William Penisten the said sum of $3,600, together with ten per cent, interest, since February 25,1860, on $3,000, to be paid into court, for the usé and benefit of Minor *382 Muntz, executor of the said Henry Barnett, deceased, to be paid within ten days from the rising of the court at the present term. And it is further ordered that the said Penisten pay the costs of this .suit, except those hereinbefore taxed to the plaintiff, to-- dollars.”
After the rendition of this decree, the $600 of the $3,600 was paid by Penisten, leaving the $3,000, with the interest thereon unpaid. And subsequently, this portion of the judgment remaining unpaid, was assigned to the plaintiff In error, James Emmitt, both Lucas and the executor of Barnett joining in the assignment. ,
After Emmitt became the owner by an assignment of the judgment, Penisten and he had sundry dealings, and certain payments were made on the judgments, and finally a controversy arose as to the amount of these payments and credits, and Penisten commenced an action against Emmitt, alleging that he had fully paid the judgment, and asking an injunction against him from proceeding to sell property to satisfy the amount claimed by Emmitt to be still due him upon the decree.
In this action the question arose as to the rate of interest that Emmitt was entitled to collect on the portion of this judgment so assigned to him. The $3,000 mentioned in the decree, with interest thereon at the rate of ten per cent, per annum, from February 25, 1860, till the term at which the decree was entered, amounted to $3,350, and Penisten claimed that he was liable only for the payment of this sum with interest thereon from the first day of the term at which the judgment was entered, at the rate of six per cent, per annum. Emmitt claimed that the $3,000 was to bear interest at the rate of ten per cent, from February 25, 1860, until it was paid. Upon the hearing of the case in the district court, the only evidence submitted was the record of the case in which the decree in question was rendered; and the court, on consideration thereof, in ascertaining the amount due to Emmitt on the unpaid portion of said decree, held that he was entitled to recover the said sum of $3,350, with interest thereon from *383 ■the rendition of the decree, at the rate of six per cent.- per ■annum, and no more. Exception was taken by Emmitt to this ruling of the court, and its refusal to allow more than six per cent, interest on the unpaid portion of the decree, or judgment, after the date of its rendition, is the sole error of which he here complains.
The facts shown by the record offered in evidence ai’e, in brief, these': Suit was brought by Lucas on a land contract made in 1857, to recover a balance of purchase-money . due thereon front Penisten, and which, by the terms of the written contract, was bearing interest at the rate of live per cent. The laud was incumbered by a mortgage which had been executed by Lucas to one Barnett to secure a debt bearing ten per cent, interest. For the security of Penisten, the contract in suit provided that the deferred installments of purchase-money, when paid by him, should be applied, so far as necessary, in satisfaction and discharge of this mortgage. But there was no privity of contract between Penisten aud Barnett. The debt of Penisten was -owing to Lucas, and bore but five per cent, interest. But Penisten had a right to have his payments applied on the Barnett mortgage, which bore interest at the rate of ten per cent., and this may perhaps account for the somewhat peculiar language of the decree. The mortgage debt due to the estate of Barnett was perhaps found to be $3,000, with interest thereon at ten per cent, from February 25, 1860, and that the sum due from Penisten on the contract in suit, was $600 in excess of this amount. This is highly probable, for it is admitted by the pleadings in the case before us, that the $600 mentioned in the decree, were afterward paid directly to Lucas, and that he and Barnett’s executor united in assigning the residue of the judgment to the plaintiff in error. The parties settled their controversy by agreeing, as we understand the record, that a decree should be entered aguiust Penisten and in favor of Lucas for a sum sufficient to cover the amount then due on the mortgage, and to leave an overplus of $600. At any rate, we think the terms of the decree fix no special rate of in *384 terest which it should draw after rendition. The statute which then permitted parties to contract for a rate of interest not exceeding ten per cent., and which directed that “ upon all judgments rendered upon any of the aforesaid contracts, interest shall be computed till payment at the rale specified therein, not exceeding ten per cent, per annum,” could clearly give no right to compute interest on this decree at the rate of ten per cent., for, as we have said, it was rendered on a written contract, calling only for five per cent.
We think the district court gave a proper construction to the terms of the decree, and allowed the proper rate of interest thereon.

Judgment affirmed.